IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRI JOHANI SDN. BHD, a Malaysia corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL MANUFACTURING GROUP, INC., a California corporation, DEEPAL WANNAKUWATTE, an individual, and DOES 1 THROUGH 25, inclusive<br><br>    Defendants._____/ | No. Civ. S-05-cv-1853 DFL EFB<br><br><u>Memorandum of Opinion<br>        and Order</u> |

    Plaintiff Sri Johani Sdn. Bhd. ("SRI") is suing defendants International Manufacturing Group, Inc. ("IMG") and Deepal Wannakuwatte for breach of contract.  SRI supplied IMG with latex gloves.  Wannakuwatte is IMG's majority shareholder.  Wannakuwatte now moves for summary judgment on SRI's claims against him.  For the reasons below, the court GRANTS Wannakuwatte's motion.

1

I.

In 1997, SRI and IMG entered into an agreement for SRI to supply IMG with latex gloves. (Def.'s SUF 1.) Wannakuwatte is the majority shareholder, president, and chief executive officer of IMG. (Def's. SUF 3.)

During the course of their dealings, IMG often had problems arranging funding for the gloves. (Ex. 1, 4, 9, 10.) In 1998, the parties discussed a stock deal in which Wannakuwatte would sell a percentage of his IMG stock to SRI to pay the outstanding balance. (Ex. 3, 11.) The parties, however, never came to an agreement. In early 1999, IMG tried to pay part of its mounting debt with bank checks. (Ex. 9.) SRI accepted the checks only after Wannakuwatte guaranteed them personally. (Ex. 9.)

In November 1999, IMG's debt exceeded $3,000,000. (Ex. 10.) Wannakuwatte and SRI resumed discussions on a stock deal to settle IMG's debt. (Ex. 11.) The parties, however, again failed to come to an agreement. SRI alleges that Wannakuwatte agreed to guarantee personally IMG's debt. After both IMG and Wannakuwatte failed to pay off the debt, SRI brought suit in September 2005.

II.

SRI contends that Wannakuwatte is liable for IMG's debt because: (1) Wannakuwatte was a party to the 1997 agreement; (2) Wannakuwatte personally guaranteed IMG's debt; and (3) IMG was Wannakuwatte's alter ego. In moving for summary judgment, Wannakuwatte alleges that SRI has failed to present any evidence

that shows he is liable for IMG's debt under any of these legal theories.[1]

The only evidence that SRI has submitted that suggests Wannakuwatte was a party to the 1997 agreement, or that he guaranteed personally IMG's debt, is a declaration from one of its directors, Lim Ho Peng.  In his declaration, Peng states, "Defendants International Manufacturing Group, Inc. and Deepal Wannakuwatte began purchasing gloves from [SRI] in approximately January 1997."  (Peng Decl. ¶ 2.)  Peng also contends that "[p]ursuant to the discussion in Sacramento, [SRI] agreed not to bring legal action against IMG or [Wannakuwatte] based on [Wannakuwatte's] personal promises and guarantees that the debt would be paid."  (Peng Decl. ¶ 16.)

Peng's conclusory statements, however, fail to meet the requirements of Fed. R. Civ. P. 56(e).[2]  See Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.")  In his

---

[1]  Wannakuwatte also moves to strike SRI's opposition because it was filed late.  Because oral argument was held almost a month after the originally scheduled date, the court finds that Wannakuwatte did not suffer any harm from the late filing and, therefore, declines to strike SRI's opposition.

[2]  Ordinarily, the court would allow a party to supplement a deficient declaration.  In this case, however, SRI had ample time to bolster the declaration before oral argument.  Moreover, SRI's attorney failed to offer a satisfactory explanation as to why he submitted a declaration with such obvious deficiencies.  Finally, the court notes that this is the second declaration from Peng that SRI has submitted.  The first declaration was unsigned.

declaration, Peng gives no explanation as to how he has knowledge of these events.  The only information Peng offers about himself is that he is over the age of 18 and is a director at SRI.  Because Peng "stated only conclusions, and not 'such facts as would be admissible in evidence,'" his statements are not "cognizable" and fail to establish a genuine issue of material fact. [3]  <u>United States v. Shumway</u>, 199 F.3d 1093, 1104 (9th Cir. 1999) (citation omitted).

    Finally, SRI also has failed to establish a genuine issue of material fact that IMG was Wannakuwatte's alter ego.  To pierce the corporate veil, courts must find: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  <u>Say & Say, Inc. v. Ebershoff</u>, 20 Cal. App. 4th 1759, 1768 (1993).  Here, the only evidence of a unity of interest between IMG and Wannakuwatte is one letter in which Wannakuwatte referred to IMG's growth as "my growth," and Wannakuwatte's offer to sell his IMG stock to settle IMG's debt.  Given that courts may pierce the corporate veil only in exceptional circumstances, the court finds that SRI's claim cannot survive summary judgment based on this paltry evidence alone.  See <u>Sonora Diamond Corp.</u>

---

[3]   SRI also submitted letters in which Wannakuwatte personally guaranteed various invoices that are not at issue here. (Ex. 9.)  How these letters are relevant to this case is unclear.  And even when viewed in a light most favorable to SRI, these letters, without an admissible, supporting declaration from Peng, do not create a genuine issue of material fact.

4

v. Superior Court, 83 Cal. App. 4th 523, 539 (2000) ("The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form.")

III.

For the reasons above, the court GRANTS Wannakuwatte summary judgment.

IT IS SO ORDERED.

Dated:  May 18, 2007


/s/ David F. Levi_____

DAVID F. LEVI

United States District Judge